UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 22-094-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHARLES E. JOHNSON, JR., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Charles Johnson, Jr. is charged with three counts of making materially false statements to a United States Probation Officer while serving his supervised release in violation of 18 U.S.C. §1001(a). [Record No. 1] More specifically, Johnson allegedly misrepresented his net worth and monthly cash flow. [*Id.*] Johnson's counsel recently filed a motion *in limine*, seeking to exclude certain financial records from being introduced during trial. [Record No. 22] The motion has been fully briefed and will be denied because the undersigned concludes that the evidence in question is highly probative, and admission will not result in unfair prejudice to Johnson.

I.

Johnson previously pleaded guilty to charges of conspiracy, securities fraud, witness tampering, and obstruction of an official proceeding, resulting in, *inter alia*, his requirement to pay $9,700,000.00 in restitution.[1] The United States alleges that Johnson controlled a

---

[1] *See United States v. Johnson*, No. 16-045, 2019 U.S. Dist. LEXIS 130411, at \*1 (E.D. Ky. Aug. 5, 2019).

corporate JP Morgan Chase bank account ("Chase Account"), used the Chase Account for personal purposes, and "knowingly and willfully failed to disclose [this] . . . on sworn financial statements submitted to the United States Probation Office."  [Record Nos. 1, 24]  Records from financial institutions—other than Chase—show that the defendant allegedly controlled the Chase Account and used its funds for personal reasons.  Johnson denies control of the Chase Account and insists that records from different financial institutions are inadmissible because: (1) the indictment does not state that Johnson controlled those accounts or made false statements regarding them;[2] (2) the probative value of financial records from other institutions is negligible; and (3) admission of the records would unduly prejudice him.  [Record No. 22]  Johnson contests the admissibility of the financial records under Rules 401 and 403 of the Federal Rules of Evidence.

## II.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  FED. R. EVID. 401.  "[T]he district court must not consider the weight or sufficiency of the evidence" when determining whether evidence is relevant.  *DXS, Inc. v. Siemens Med.*

---

[2]  It is unclear whether Johnson challenges the sufficiency of the indictment or merely argues that the financial records are irrelevant because the indictment does not contain this information.  If he argues the former, "[t]he Federal Rules of Criminal Procedure have put an end to 'the rules of technical and formalized pleading which had characterized an earlier era.'" *United States v. Horton*, 580 F. App'x 380, 383 (6th Cir. 2014) (quoting *Russell v. United States*, 369 U.S. 749, 762 (1962)).  The indictment need only be "a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." FED. R. CRIM. P. 7(c). "The modern rule 'encourage[s] succinct criminal pleadings.'" *Horton*, 580 F. App'x at 383 (quoting *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992)).  Here, the indictment sufficiently contains the elements of the charged offense and essential facts required by the rule.


*Sys., Inc.*, 100 F.3d 462, 475 (6th Cir. 1996) (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)).  The standard is whether it has the "slightest probative worth." *Id.*; *see also United States v. Whittington*, 455 F.3d 736, 738-39 (6th Cir. 2006) ("The standard for relevancy is 'extremely liberal.'" (quoting *DXS,* 100 F.3d at 475)).  Here, financial records from various banking institutions tend to show whether Johnson controlled the Chase Account and used it for personal or business purposes.  For instance, the United States argues that Johnson transferred funds from the Chase Account to a "Barclays credit card in the name of the Defendant" and used the card to purchase a Louis Vuitton handbag, settle "dozens of restaurant bills," and buy other personal items.  Barclays records are necessary because the Chase Account does not itself show these alleged personal transactions.  Additionally, evidence of Johnson transferring funds into and out of the Chase Account tends to prove or disprove Johnson's control over the account.  Therefore, records from financial institutions other than Chase are highly relevant and at least have the "slightest probative worth."  *See DXS, Inc.*, 100 F.3d at 475.

Johnson also contends that he would be unduly prejudiced by admission of the financial records.  He argues that "the probative value of transactions in banking accounts that the Defendant had personal use of is minimal and without evidence of alleged false statements against the other accounts, the risk of unfair prejudice(s) against the Defendant is exponentially high." Although Johnson does not elaborate, he states, "[a] jury might improperly assume that the Defendant controlled and owned the [Chase Account]."  [Record No. 22]  In his reply, however, it appears Johnson's central argument is that "a verdict will be rendered on the basis of potentially distasteful and/or irresponsible spending habits of the Defendant . . ." [Record No. 25]

Rule 403 states that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." FED. R. EVID. 403. To determine whether evidence is prejudicial "requires a fact-intensive, context-specific inquiry." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). The Supreme Court and Sixth Circuit have "clarified that '[t]he term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.'" *United States v. Bell*, 516 F.3d 432, 444 (6th Cir. 2008) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). Importantly, evidence is not excluded because it is merely damaging or prejudicial to a defendant's case; it must be "unfairly prejudicial." *See United States v. Bonds*, 12 F.3d 540 (6th Cir. 1993); *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986).

For the government to prove that Johnson knowingly and willingly made a materially false statement, it must first show that he controlled and personally used the Chase Account. Financial records tending to prove Johnson's control and personal use may be damaging to his argument, but the records are not unduly prejudicial. Purchases for "Anti-Aging, tanning sessions, . . . Amazon payments," and Louis Vuitton tend to show that Johnson used these funds for personal, rather than corporate, reasons. Although his financial records may disclose lavish spending habits, "[s]ometimes . . . evidence of extreme wealth or extravagant spending is admissible under Federal Rules of Evidence 401 and 403." *United States v. Jackson-Randolph*, 282 F.3d 369, 377 (6th Cir. 2002) (collecting cases); *see also United States v. Hoey*, 725 F. App'x 58, 61 (2d Cir. 2018) (affirming a district court's decision to admit evidence of "lavish spending habits" due in part to its highly probative value).

- 5 -

## III.

In conclusion, a careful balancing of the probative value and risk of unfair prejudice favors admission of the financial records which are the subject of the defendant's motion. Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Defendant Charles Johnson, Jr.'s motion *in limine* [Record No. 22] is **DENIED**.

Dated: October 27, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky