UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 22-094-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CHARLES E. JOHNSON, JR., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of several motions. First, the United States moved to disqualify Defendant Charles Johnson Jr.'s attorney, Andre Regard, from participating as counsel during trial due to a conflict of interest. [*See* Record Nos. 30, 36.] Johnson then filed a motion to compel discovery and a second motion continue trial. [Record Nos. 31, 32]. Finally, Regard filed a motion to withdraw as counsel and a motion to continue trial. [Record No. 38] Johnson's motion to compel discovery will be denied because the United States produced all evidence required under Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure. The United States' oral motion to disqualify will be granted because Regard is likely a necessary trial witness, and his disqualification will not cause substantial hardship. Johnson's second motion to continue trial and Regard's motion to withdraw as counsel will be set for hearing.

**I.**

Johnson previously pleaded guilty to conspiracy, securities fraud, witness tampering, and obstruction of an official proceeding, resulting in, *inter alia*, his requirement to pay

- 1 -

$9,700,000.00 in restitution.[1]  The United States alleges that Johnson controlled a corporate account, used the account for personal purposes, and "knowingly and willfully failed to disclose [this] . . . on sworn financial statements submitted to the United States Probation Office."  [Record Nos. 1, 24]  The indictment further indicates that Johnson allegedly told officers falsely that three individuals, E.J., R.R., and R.W., were independent contractors and paid for services *via* the corporate account.  The United States contends that Johnson told probation officers that 1099 income forms were issued to E.J, R.R., and R.W.  Johnson denies all charges, rejects the United States' allegation that he controlled and personally used the corporate account, and argues that he never told officers that R.W. received a 1099 form.  [*See* Record No. 22, p. 3.]

## II.

Johnson has filed a motion to compel discovery, arguing *inter alia* that the United States failed to produce interview notes, evidence related to Johnson's prior violation of supervised release, and communications between two relevant individuals.[2]  [*See* Record No. 31.]  Pursuant to Rule 16 (a)(1)(E) of the Federal Rules of Criminal Procedure, the government must permit the defendant to inspect "documents and objects" in its possession if: "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant."  It must also produce "evidence in its possession that is both favorable to the accused and material to guilt or punishment."  *United States v. Jones*, 399 F.3d 640, 647 (6th Cir. 2005); *see also Brady v.*

---

[1]  *See United States v. Johnson*, No. 16-045, 2019 U.S. Dist. LEXIS 130411, at *1 (E.D. Ky. Aug. 5, 2019).

[2]  The Court heard oral arguments on November 9, 2022, regarding this issue.

*Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 155 (1972).  If a party fails to comply with Rule 16, the court has discretion to impose several sanctions, including ordering discovery, granting a continuance, excluding the evidence, or entering "any other order that is just under the circumstances." FED. R. CRIM. P. 16(d)(2).

Here, the United States has produced all the required materials.  Johnson first argues that discovery of communications between United States Probation Officer Jon Rapier and United States Postal Inspector Kyle Erhardt is lacking.  However, during the motion hearing, it became clear that the United States had already produced the only substantive communication between these individuals, and no additional relevant material exists.  Johnson next contends that the United States interviewed various individuals but failed to provide notes or reports.  But the United States already produced interview summaries for four individuals and officer summaries.  The government asserts that it did not conduct additional relevant interviews.  [*See* Record No. 35.]  During the motion hearing, Johnson emphasized his desire to secure notes from an interview with E. J.'s parents.  The United States stated, however, that E.J.'s parents were not interviewed, and "there is no write-up, there is no memorandum, there are no notes with respect to those communications."

Johnson also requested reports of individuals who were interviewed during Johnson's prior supervised release violation because the government provided a 404(b) notice prior to trial.  Rule 404(b) of the Federal Rules of Evidence states that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  This evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED R. EVID. 403(b)(2).

Here, the United States "may offer testimony and records regarding [Johnson's] prior violation as proof of [his] intent, knowledge, and absence of mistake." [Record No. 27] But that does not open the door for the parties to relitigate Johnson's prior supervised release violation. In summary, the undersigned concludes that Johnson has been provided with all relevant, discoverable information within the United States' possession, control, or custody.

### III.

The next issue is whether Johnson's attorney should be disqualified from participating as counsel during the trial of this matter. The United States argues that Regard is a necessary witness, creating a conflict of interest. As an initial matter, the Court notes that a defendant's Sixth Amendment right to assistance of counsel is fundamental, *Gideon v. Wainwright*, 372 U.S. 335, 344-45 (1963), but qualified, *Wheat v. United States*, 486 U.S. 153, 159 (1988). The Sixth Amendment does not guarantee that a criminal defendant will be represented by a particular attorney. *Caplin & Drysdale v. United States*, 491 U.S. 617 (1989). "The [trial court] must recognize a presumption in favor of petitioner's counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." *Wheat*, 486 U.S. at 164. However, the party moving for disqualification bears a heavy burden, requiring "a high standard of proof because 'motions to disqualify are viewed with disfavor.'" *McClain v. Wysong*, No. 21-CV-00080, 2021 WL 1992130, at *2 (W.D. Ky. May 18, 2021) (quoting *Valley-Vulcan Mold Co. v. Ampco-Pittsburgh Corp.*, 237 B.R. 322, 337 (B.A.P. 6th Cir. 1999)). Disqualification of chosen counsel is considered "a drastic measure which courts should hesitate to impose except when absolutely necessary." *Valley-Vulcan Mold Co.*, 237 B.R. at 337.

"[M]otions to disqualify are governed by two sources of authority—local rules and federal common law." *Umphenour v. Mathias*, No. 07–427, 2008 WL 2785609, at *2 (E.D. Ky. July 16, 2008) (citing *Republic Servs., Inc. v. Liberty Mut. Ins. Co.*, No. 03-494, 2006 WL 3004014, at *4 (E.D.Ky. Oct. 20, 2006)). "[A]ttorneys appearing in the Eastern District of Kentucky are subject to the Kentucky Rules of Professional Conduct and the judicial decisions interpreting those rules and standards." *Dirksing v. Safeco Ins. Co. of Ill.*, 544 F.Supp.3d 767, 770 (E.D. Ky. 2021); *see also Mathias*, 2008 WL 2785609, at *2.

Pursuant to Rule 3.7 of the Kentucky Supreme Court, a lawyer cannot advocate at trial if he is "likely to be a necessary witness unless (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." SCR 3.130(3.7). The application of Rule 3.7 "requires the balancing of the client's right to choice of counsel against the unfair prejudice created when an attorney testifies." *Commonwealth Orthopaedic Ctrs., P.S.C. v. Philadelphia Indem. Ins. Co.*, No. 09–109, 2010 WL 4568805, at *3 (E.D. Ky. Nov. 3, 2010) (citing *Zurich Ins. Co. v. Knotts*, 52 S.W.3d 555, 558 (Ky. 2001)). "[A] primary concern of this rule is 'the likelihood that the jury will confuse the attorney as a witness with the attorney as an advocate.'" *Id.*

There are two standards depending on which party intends to call an attorney to testify. The first is when the opposing party calls the attorney as a witness. When this occurs, the movant has a more stringent burden to show that the attorney's testimony is necessary. *Knotts*, 52 S.W.3d at 559 (stating that under the more stringent standard, "[t]here must be a genuine need for the attorney's testimony, which should be material to the movant's case as well as prejudicial to the interests of the attorney's client" (citing *Gilbert McClure Enters. v. Burnett*,

735 S.W.2d 309, 311 (Tex. App. 1987))). Conversely, when an attorney testifies on behalf of his own client, the standard to show disqualification is less stringent. *See Gainey Corp. v. Liberty Mut. Fire Ins. Co.*, 08-258, No. 2009 WL 10676033, at *2 (E.D. Ky. Dec. 8, 2009); *Knotts*, 52 S.W.3d at 560 ("[T]he showing of prejudice needed to disqualify opposing counsel must be more stringent than when the attorney is testifying on behalf of his own client, because adverse parties may attempt to call opposing lawyers as witnesses simply to disqualify them.").[3] Here, the less stringent standard applies because the United States is not calling Regard as a witness.

Nonetheless, "[t]he tribunal [also] has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness." SCR 3.130(3.7) cmt. 2. This is because application of the rule requires a balancing of "the interests of the client and those of the tribunal and the opposing party." *See id.* cmt. 4. The judiciary has an "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat*, 486 U.S. at 160.

### A.

The first issue under Rule 3.7 is whether Regard is likely to be a necessary witness. An attorney is not considered a "likely" witness if the probability of needing his testimony at trial is speculative. *See Gainey,* 2009 WL 10676033, at *2. "For the court to sever the attorney-client relationship based on what *might* occur in the course of litigation is too severe a

---

[3] There is no reason for the Court to believe that this motion is tactical or that the government "manufactured" the conflict. *See United States v. Matsa*, 540 F. App'x 520, 523-24 (6th Cir. 2013) (quoting *Wheat*, 486 U.S. at 163).

sanction." *Umphenour*, 2008 WL 2785609, at *6; *see also Gainey*, 2009 WL 10676033, at *2. An attorney is a "necessary" witness if his testimony is material and unobtainable from another source. *See Gainey*, 2009 WL 10676033, at *2 (indicating that the attorney was not a necessary witness because "it seem[ed] unlikely that [the attorney would] have material information to give . . . ."); *Umphenour*, 2008 WL 2785609, at *6 (finding that an attorney was not a necessary witness because others could give the same testimony as the attorney).[4]

Here, the parties dispute whether Johnson told the officers that R.W. would receive a 1099 form from the company. [Record No. 30] There were only four people in the room when Johnson allegedly made this statement: Regard, Johnson, and probation officers Jon Rapier and Donté Key. The United States indicates that it intends to call the probation officers as witnessed during its case-in-chief, and Johnson has a right to avoid testifying under the Fifth Amendment to the United States Constitution. The dispute is material because Johnson's alleged statements initiated the United States' claim against him in Count 3 of the indictment. Additionally, Johnson intends to use the officers' testimony about the 1099 form to undermine the United States' case. [*See* Record No. 1, 30.] Johnson asserts that R.W. did not receive a 1099 form because she was paid only $325, and the threshold income for the form is $600. [*See* Record No. 30.] In other words, he attacks the officers' credibility, and denies telling officers that R.W. received a 1099 form.

---

[4] *See also United States v. Turner*, 651 F.3d 743, 750 (7th Cir. 2011) (stating that before trial it seemed "the same testimony would not in fact be available from an alternative source"); *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 267 (5th Cir. 2001) (finding that the attorney was not a necessary witness because his testimony was cumulative of other testimony); *World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc.*, 866 F.Supp. 1297, 1302 (D. Co. 1994) ("[A] lawyer is a 'necessary' witness if his or her testimony is relevant, material and unobtainable elsewhere.").

Importantly, Regard has not argued that the disputed statement is immaterial. Instead, he argues that other evidence can substitute his testimony. [*Id.*] Regard contends that he can offer evidence that: (1) R.W. was only paid $325 from the company account; (2) the company was not required to issue a 1099 form unless R.W. was paid more than $600; and (3) and the company's representative can testify that it did not need to provide a 1099 form to R.W. However, the issue is not whether the company actually issued a 1099 form to R.W., it is whether Johnson *told* officers during the meeting that the form was issued, and there are no other witnesses to Johnson's statement.

Whether there are other witnesses is an important factor. In *Kittel v. C-Plant Federal Credit Union*, the plaintiff moved for disqualification because the defense attorney's "personal knowledge of the reason why [the plaintiff] was terminated, and because he was one of four people in the room when she was terminated." No. 5:08-CV-00114-R, 2010 WL 292689, at *2 (W.D. Ky. Jan. 20, 2010). Applying the more stringent standard, the court found that the attorney was a necessary witness because: (1) events during the meeting were relevant to the plaintiff's claim; and (2) other people who attended the meeting had differing recollections of the conversation. In the present case (and assuming Johnson invokes his Constitutional right not to testify during trial), Regard is the only witness that can testify for Johnson about the statements in the meeting. Because the witnesses have differing recollections in this matter, Regard would be a necessary witness.

### B.

But the full analysis of the issue is not completed. Even if an attorney is a necessary witness, his disqualification is not required if "(1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3)

- 8 -

disqualification of the lawyer would work substantial hardship on the client." SCR 3.130(3.7). Regard's testimony would not relate to the value or nature of his legal services. However, he argues that his testimony concerns an uncontested issue, and disqualification would work a substantial hardship. [Record No. 30]

The definition of "contest" is "[t]o litigate or call into question; challenge." *Contest*, BLACK'S LAW DICTIONARY (11th ed. 2019). Counsel's argument that "the issue is uncontested because R.W. was not qualified to get a 1099 form after receiving $325 in payments and any businessman would know that as a fact," is not persuasive. [*See* Record No. 30, p. 3.] Regard himself states that he "has tried to work this out with the Government but they have insisted that Mr. Johnson made a statement" regarding R.W.'s alleged 1099 form. [Record No. 30, p. 5] Thus, the underlying facts are contested.

Regard also argues that his disqualification from participating during trial would cause Johnson substantial hardship. "The crucial inquiry in determining whether an attorney can act as both an advocate and a witness is the prejudicial effect it will have upon the [attorney's] own client." *Zurich*, 52 S.W.3d at 559. But "a balancing is required between the interests of the client and those of the tribunal and the opposing party." SCR 3.130(3.7) cmt. 4. "Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case . . . ." *Id.*

Kentucky courts have found that disqualification would produce substantial hardship if an attorney has represented his client for an extensive period. *See id.*; *Gainey,* 2009 WL 10676033, at *3 (quoting *Knotts*, 52 S.W.3d at 560). In *Zurich*, the attorney had "lived through the previous litigation from its inception and [had] in his memory, or at his fingertips, knowledge of the case no one else could duplicate." 52 S.W.3d at 560. "[T]he degree of

confidence and trust that developed between the [attorney and his clients could not] be replaced." *Id.* The court concluded that disqualification would "work substantial hardship upon [the client] and would result in irreparable harm." *Id*. On the other hand, in *United States v. Matsa*, the Sixth Circuit upheld a district court's ruling that disqualification "would not work significant hardship, even though [the attorney] had represented [the defendant] for a number of years and was very familiar with his affairs." 540 F. App'x 520, 523 (6th Cir. 2013).[5]

Regard filed his notice of representation seven months ago. It does not appear that he has "knowledge of the case no one else could duplicate," and he did not represent Johnson during his underlying conviction in the Eastern District of Virginia. Even though this issue arose only two weeks before trial, Johnson filed for a continuance which will be set for hearing next week, and he only recently subpoenaed records from pertinent banks. [*See* Record No. 29.] And Johnson has now consented to Regard's withdrawal, supporting a finding that disqualification would not cause substantial hardship.[6] [*See* Record No. 38.]

### III.

Based on the foregoing, it is hereby

**ORDERED** as follows:

---

[5] *Matsa* originated in Ohio, and the court analyzed substantial hardship under Rule 3.7 of the ABA MODEL RULES OF PROF'L CONDUCT. The Kentucky rule is identical to the ABA Model rule. *Compare* ABA MODEL RULES OF PROF'L CONDUCT 3.7 *with* SCR 3.130(3.7). Further, Kentucky courts have previously relied upon the model rule and Ohio cases for guidance under this rule. *See Knotts*, 52 S.W.3d at 558-59.

[6] In the alternative, the United States argues that Regard will act as an unsworn witness. *See Fisher v. Commonwealth*, 620 S.W.3d 1, 13 (Ky. 2021) (indicating that a lawyer is forbidden from "asserting matters of personal knowledge unless they testify as a witness"). Here, Regard may be tempted to cross-examine the probation officers in such a way that will indicate his personal knowledge. This itself would violate Rule 3.7.

1. Defendant Johnson's motion to compel discovery [Record No. 32], is **DENIED**.

2. The United States' oral motion to disqualify Mr. Andre Regard from trial is **GRANTED**.

3. Defendant Johnson's second motion to continue trial [Record No. 31], and Regard's motions to withdraw as attorney and continue trial [Record No. 38] are set for hearing on **Monday, November 14, 2022,** beginning at the hour of **11:00 a.m.**, at the United States Courthouse in Lexington, Kentucky.

Dated: November 10, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky